UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N.L.N., by and through her Guardian ad Litem Cheryl Holmes, | Case No. EDCV 18-33 JC |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I. SUMMARY

On January 5, 2018, plaintiff, by and through her guardian ad litem, filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 10, 2018 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 22, 2013, plaintiff filed an application for Supplemental Security Income alleging disability beginning on February 15, 2011, essentially due to multiple mental limitations, ADHD, and dyslexia. (Administrative Record ("AR") 22, 131, 158). The ALJ examined the medical record and heard testimony from plaintiff, plaintiff's father, and a medical expert. (AR 32-40).

On August 9, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision essentially because the record lacked "medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (AR 22-27).

On November 8, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Childhood Disability Claims

To qualify for childhood disability benefits an "individual under the age of 18" (*i.e.*, "child" or "claimant") must establish that she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I); 20 C.F.R. §§ 416.902, 416.906; see Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1013 (9th Cir. 2003) (citation omitted), superseded by statute on other grounds as stated in Rosas v. Commissioner of Social Security, 2014 WL 6851949, *4 (D. Or. Dec. 3, 2014);
///

see generally Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability.") (citation omitted).

In assessing whether a child is disabled, an ALJ is required to use the following three-step sequential evaluation process:

(1) Is the child engaged in substantial gainful activity? If so, the child is not disabled. If not, proceed to step two.

(2) Does the child have a sufficiently severe medically determinable impairment or combination of impairments (collectively "impairment(s)")? If not, the child is not disabled. If so, proceed to step three.

(3) Do(es) the child's impairment(s) meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, or functionally equal one of the listings? If so, and if the impairment(s) satisfy the duration requirement, the child is disabled. If not, the child is not disabled.

20 C.F.R. §§ 416.924(a), 416.926a; see Social Security Ruling ("SSR") 09-1p, 2009 WL 396031, *1.

**B.  Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v.

Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

## IV.     DISCUSSION

Plaintiff essentially contends that the ALJ erroneously found no medically determinable impairment at step two of the sequential evaluation process for childhood disability. (Plaintiff's Motion at 4-7). Plaintiff has not shown that a reversal or remand is warranted on the asserted basis.

### A.     Pertinent Law

At step two, a claimant must establish that she has a severe medically determinable physical or mental impairment(s). See 20 C.F.R. §§ 416.921, 416.924(a), (c). A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source."[1] 20 C.F.R.

///

---

[1] "Objective medical evidence" consists of "signs, laboratory findings, or both." 20 C.F.R. § 416.902(f). "Signs" are "anatomical, physiological, or psychological abnormalities that can be . . . shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. § 416.902(g). "Laboratory findings" are "anatomical, physiological, or psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques." 20 C.F.R. § 416.902(c).

§ 416.921. A claimant's "statement of symptoms"[2] or a mere "diagnosis" is not sufficient. See 20 C.F.R. § 416.921; see also Ukolov, 420 F.3d at 1005 ("[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone.") (citations omitted).

A claimant may be found "not disabled" at step two if she fails to present evidence of a medically determinable impairment, or the evidence establishes only "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. . . ." 20 C.F.R. §§ 416.921, 416.924(c).

**B.     Analysis**

Here, plaintiff has not shown that the ALJ materially erred at step two.

First, plaintiff points to nothing in the record which reflects, as she suggests (Plaintiff's Motion at 5) (citing AR 262-63, 281-82), that her poor grades and substandard performance on standardized testing were the product of any specific medically determinable impairment. Cf., e.g., 20 C.F.R. § 416.924a(a)(1)(ii) ("we will not rely on test scores alone when we decide whether you are disabled").

Second, the January 28, 2014, treatment note plaintiff cites in support of the proposition that she had "exhibited objective symptoms related to a mental impairment" actually reflects that it was plaintiff's mother who noted that plaintiff was being "bullied at school" and "[d]ropping weight" (AR 317), not a physician as plaintiff seems to suggest (Plaintiff's Motion at 5). Moreover, the medical expert testified that evidence that plaintiff "was noted to be somewhat anxious and depressed and referred to mental health" did not establish any "specific impairment[.]" (AR 36-37). Similarly, the March 29, 2016 treatment note plaintiff claims "did show medical signs not inconsistent with a medically determinable impairment[]" (Plaintiff's Motion at 5) (citing AR 335), more

---

[2]"Symptoms" are a claimant's "own description of [a] physical or mental impairment." 20 C.F.R. § 416.902(i).

5

precisely reflects that plaintiff's grandmother (again, not a physician) had been the individual who reported that plaintiff "had suffered abuse in the family," and that plaintiff "[had] psychological problems, dreams, acting out, [] a somatization disorder," and "a learning disability." (AR 335). In addition, plaintiff's assertion that "[s]he appeared as alert and oriented but anxious in June 2016" does not, as plaintiff suggests (Plaintiff's Motion at 5), establish the presence of any identifiable medically determinable psychological impairment, especially given the physician's other findings in the cited medical record that plaintiff was generally "alert and cooperative" and a "[w]ell appearing child, appropriate for age, [with] no acute distress." (AR 328, 330).

Third, plaintiff has not shown that the ALJ's challenged statement – *i.e.*, that "the medical record reflected no diagnosis" ("challenged statement") (AR 26) – necessarily "mischaracterized" the medical evidence. While the April 8, 2016, Behavioral Health Initial Evaluation Coordination of Care Report ("April 2016 Report") cited by plaintiff does appear to list several diagnoses for plaintiff (*i.e.*, post-traumatic stress disorder, bipolar disorder), the April 2016 Report does not clearly identify the specific individual who made any of the diagnoses much less whether such individual was an "acceptable medical source." (AR 292-94). Moreover, it is unclear whether the April 2016 Report itself – which is boldly marked "FOR DRAFT USE [etc.]" across the front of each of its pages – actually contains any significant or probative evidence that might arguably conflict with the challenged statement. (AR 292-94) (emphasis in original); cf., e.g., Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide explanation only when rejecting "significant probative evidence") (citation and quotation marks omitted).

Here, the medical expert interpreted the pertinent medical evidence much like the ALJ, and reached the same conclusion that "the medical evidence really doesn't establish any medical impairments." (AR 36); see Tonapetyan v. Halter,

242 F.3d 1144, 1149 (9th Cir. 2001) (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings) (citation omitted); see, e.g., Sportsman v. Colvin, 637 Fed. Appx. 992, 995 (9th Cir. 2016) ("ALJ did not err in assigning substantial weight to the state agency medical consultant whose opinion relied on and was consistent with the medical evidence of record.") (citing id.). To the extent plaintiff argues that the medical expert's testimony mischaracterized the record in the same manner as the ALJ's challenged statement, this Court will not second guess the ALJ's reasonable determination to the contrary. See generally Trevizo, 871 F.3d at 674-75 ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.") (citation omitted).

Even assuming the ALJ's challenged statement was inconsistent with the diagnoses listed in the April 2016 Report, plaintiff fails to show that any error was more than harmless. The mere diagnosis of an impairment does not establish a medically determinable impairment. 20 C.F.R. § 416.921 (noting, in part, that Commissioner "will not use . . . a diagnosis" to establish the existence of a medically determinable impairment). Moreover, plaintiff fails to show that the superfluous challenged statement materially detracted from the ALJ's fundamental factual finding at step two – *i.e.*, that plaintiff had failed to present "objective medical evidence" from an "acceptable medical source" which was required to establish a medically determinable impairment (AR 26) (citing SSR 06-3p) – which independently supported the ALJ's non-disability determination.

Plaintiff further contends that "the ALJ should have arranged for a consultative examination of [plaintiff]" essentially because the record "does not contain any IQ or formal consultative examination to determine [plaintiff's] level of functioning." (Plaintiff's Motion at 6). Plaintiff has not shown that the ALJ failed properly to develop the record in the asserted manner. See generally Tonapetyan, 242 F.3d at 1150 (ALJ has "independent duty" to help claimants

7

"fully and fairly develop the record" at every step of sequential evaluation process) (citations and internal quotation marks omitted). An ALJ is not obliged to investigate every conceivable condition or impairment a claimant might assert. See, e.g., Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's duty to develop record triggered only when existing record contains "ambiguous evidence" or is "inadequate to allow for proper evaluation of the evidence") (citation omitted); Breen v. Callahan, 1998 WL 272998, *3 (N.D. Cal. May 22, 1998) (ALJ must develop record further when there is "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision[]") (citing Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), superseded, in part, on unrelated grounds by 20 C.F.R. § 416.929(c)(3); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991)). In addition, ALJs have "broad latitude" to decide whether or not to order a consultative examination in a particular case. Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001) (citation omitted); see also 20 C.F.R. § 416.919a(b) ("[An ALJ] *may* purchase a consultative examination to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [a disability] claim.") (emphasis added); Pederson v. Colvin, 31 F. Supp. 3d 1234, 1244 (E.D. Wash. 2014) ("The government is not required to bear the expense of an examination for every claimant.") (quoting Reed, 270 F.3d at 842). Here, as discussed above, plaintiff did not present objective medical evidence which plausibly suggested the existence of a medically determinable mental impairment, much less one that could have a "material impact" on the ALJ's decision. Hence, the ALJ did not err by not ordering a consultative examination of plaintiff.

Accordingly, a reversal or remand is not warranted on any of the asserted grounds.

///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 15, 2019.

                                                /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE